SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REFRESCO BEVERAGES US INC., a Georgia corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE G. ESPINOZA QUINTANA, an individual,    1/28/2025

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>1/28/2025<br>BY DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California<br>San Bernardino Justice Center<br>247 West Third Street, San Bernardino CA 92415 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVSB2438434 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq., 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213)480-6200

| **DATE:**<br>*(Fecha)* 1/28/2025 | Clerk, by<br>*(Secretaria)* _____ /s/ _____ | , **Deputy**<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Refresco Beverages US Inc., a Georgia corporation

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
12/12/2024 2:25 AM
BY: DEPUTY

1  Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
2  **A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
3  Los Angeles, California 90010
Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiff,
JOSE G. ESPINOZA QUINTANA

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF SAN BERNADINO, CIVIL DIVISION**

10  JOSE G. ESPINOZA QUINTANA, an       Case No.   CIVSB2438434
    individual,
11                                       **COMPLAINT FOR DAMAGES FOR:**
12                    Plaintiff,
                                          **1. DISCRIMINATION IN VIOLATION OF**
13       v.                                  **GOV'T CODE §§12940 ET SEQ.;**

14  REFRESCO BEVERAGES US INC., a Georgia  **2. RETALIATION IN VIOLATION OF**
    corporation; and DOES 1 through 20, inclusive,  **GOV'T CODE §§12940 ET SEQ.;**
15
                     Defendants.          **3. FAILURE TO PREVENT**
16                                           **DISCRIMINATION AND RETALIATION**
                                             **IN VIOLATION OF GOV'T CODE**
17                                           **§12940(k);**

18                                        **4. RETALIATION IN VIOLATION OF**
                                             **GOV'T CODE §§12945.2 ET. SEQ.;**
19
                                          **5. FAILURE TO PROVIDE REASONABLE**
20                                           **ACCOMMODATIONS IN VIOLATION OF**
                                             **GOV'T CODE §§12940 ET SEQ.;**
21
                                          **6. FAILURE TO ENGAGE IN A GOOD**
22                                           **FAITH INTERACTIVE PROCESS IN**
                                             **VIOLATION OF GOV'T CODE §§12940 ET**
23                                           **SEQ.;**

24                                        **7. FOR DECLARATORY JUDGMENT; AND**

25                                        **8. WRONGFUL TERMINATION IN**
                                             **VIOLATION OF PUBLIC POLICY.**
26
                                          **DEMAND OVER $35,000**
27
                                          **DEMAND FOR JURY TRIAL**
28

                            **-1-**
                 COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF, JOSE G. ESPINOZA QUINTANA,** and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION

1.       This Court is the proper court, and this action is properly filed in San Bernadino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernadino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernadino County.

### THE PARTIES

2.       Plaintiff, JOSE G. ESPINOZA QUINTANA, is and at all times relevant hereto was a resident of the County of Riverside, State of California.

3.       Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant REFRESCO BEVERAGES US INC., (hereinafter referred to as "REFRESCO") was and is a Georgia corporation doing business at 11751 Pacific Avenue, Fontana, in the County of San Bernadino, State of California.

4.       Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private beverage solutions company.

5.       At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.       The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

-2-

COMPLAINT FOR DAMAGES

1    Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as
2    alleged hereinafter.

3           7.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
4    hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,
5    coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the
6    other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part
7    within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,
8    successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9           8.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each
10   of them, including those defendants named as DOES 1-20, acted in concert with one another to commit
11   the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the
12   wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code
13   §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and
14   each of them, including those defendants named as DOES 1-20, and each of them, formed and executed
15   a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein,
16   with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and
17   actually causing Plaintiff harm.

18          9.      Whenever and wherever reference is made in this complaint to any act or failure to act by
19   a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts
20   and/or failures to act by each Defendant acting individually, jointly and severally.

21          10.     Plaintiff has filed complaints of discrimination, retaliation, failure to prevent
22   discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and
23   wrongful termination under Government Code §§12940, et seq., the California Fair Employment and
24   Housing Act ("FEHA") with the California Civil Rights Department ("CRD") and has satisfied Plaintiff's
25   administrative prerequisites with respect to these and all related filings.

26
27
28

**COMPLAINT FOR DAMAGES**

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

   a.    Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

   b.    Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

   c.    Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

   d.    Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

   e.    The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

16.     On or about March 8, 2022, Employers hired Plaintiff to work as a maintenance technician. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about December 7, 2023.

17.     At all times relevant hereto, Employer has maintained, and enforced a policy of limited accommodation that had a disproportionate and adverse effect on employees aged 40 years and older. At the time of his termination, Plaintiff was 53 years old.

18.     On or about April 30, 2023, Plaintiff started experiencing numbness in both of his hands. The pain limited his ability to perform the major life activity of working and therefore, constituted a disability. Plaintiff promptly sought medical attention at the emergency room and was placed off work for two (2) days, which he informed Employer about.

19.    Subsequently, on or about May 3, 2023, Plaintiff independently consulted with the industrial medical provider. Following consultation, Plaintiff was placed off work for a further week, which was later extended due to Plaintiff's surgery which took place in in or around August 2023. At all relevant times, Plaintiff provided Employer notice of his medical leave and each subsequent extension thereafter.

20.    On or about December 7, 2023, while still on medical leave recuperating from his surgery, Employer demanded Plaintiff's immediate return to work. Plaintiff explained that he had not yet been cleared by his medical provider to resume work. In response, Employer wrongfully terminated Plaintiff's employment later that same day, citing the expiration of medical leave as the justification.  .

21.    At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

22.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

23.    Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

24.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

25.   As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

26.   As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

27.   Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

28.   Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

### FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

29.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as though set forth in full herein.

30.   At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

31.   As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

32.   FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

33.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

34.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

35.     At all times relevant hereto, Employer has maintained, and enforced a policy of limited accommodation that had a disproportionate and adverse effect on employees aged 40 years and older. At the time of his termination, Plaintiff was 53 years old.

36.     Plaintiff suffered the adverse employment actions of unlawful discrimination, demotion, reduction in hours, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and termination, and was harmed thereby.

37.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

38.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

39.     The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated by reference.

40.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

41.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

1

2

## SECOND CAUSE OF ACTION

3

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

4

## AGAINST ALL DEFENDANTS

5      42.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as

6 though set forth in full herein.

7      43.    At all times hereto, the FEHA was in full force and effect and was binding upon

8 Defendants and each of them.

9      44.    These laws set forth in the preceding paragraph require Defendants to refrain from

10 retaliating against an employee for engaging in protected activity.

11      45.    Plaintiff engaged in the protected activities of requesting accommodation, exercising

12 Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory

13 conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived,

14 and use of medical leave.

15      46.    Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to

16 accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or

17 return to work, and termination, and was harmed thereby.

18      47.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation,

19 exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants'

20 discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or

21 factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

22      48.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff

23 for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

24      49.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of

25 retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or

26 at the direction of, each other Defendant and the other Managers.

27      50.    The above said acts of Defendants constitute violations of the FEHA, and were a

28 proximate cause in Plaintiff's damage as stated below.

51.     The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated by reference.

52.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

53.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

54.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as though set forth in full herein.

55.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

56.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

57.     The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated by reference.

58.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

-10-

1  was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

2  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

3  rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

4  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

5      59.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

6  attorneys' fees and costs, including expert fees pursuant to the FEHA.

7

8                          **FOURTH CAUSE OF ACTION**

9    **FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.**

10                        **AGAINST ALL DEFENDANTS**

11     60.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as

12  though set forth in full herein.

13     61.    At all times hereto, the California Family Rights Act, codified by Government Code

14  §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of

15  them.  Under the CFRA, it shall be an unlawful employment practice for any covered employer to

16  refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-

17  month period for family care and medical leave for the employee's own serious medical condition.

18  Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire,

19  or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has

20  exercised or attempted to exercise his or her right to take protected family care and medical leave under

21  the CFRA.  Under the CFRA, it is also an unlawful employment practice for an employer to interfere

22  with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

23     62.    At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times

24  hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least

25  1250 hours during the previous 12 months.  Further, Defendants employed at least 5 employees during

26  any 20 weeks within the calendar year in which Plaintiff requested and/or used CFRA leave or the

27  calendar year prior.

28

COMPLAINT FOR DAMAGES

63.    Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

64.    Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination and termination.

65.    Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

66.    The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

67.    The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated by reference.

68.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

69.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

70.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as though set forth in full herein.

71.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing

-12-

1  duty on Defendants to make reasonable accommodation for the known physical disability and/or
2  medical condition of an employee.

3      72.     At all relevant times, Plaintiff was a member of a protected class within the meaning of,
4  in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a
5  physical condition that affected Plaintiff's major life activities, and medical condition of which
6  Defendants had both actual and constructive knowledge.

7      73.     At all times herein, Plaintiff was willing and able to perform the duties and functions of
8  the position in which Plaintiff was employed, or could have performed the duties and functions of that
9  position with reasonable accommodations.  At no time would the performance of the functions of the
10 employment position, with a reasonable accommodation for Plaintiff's disability or medical condition,
11 actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's
12 health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or
13 perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants
14 failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with
15 Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination
16 or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

17     74.     The above said acts of Defendants constitute violations of the FEHA, and were a
18 proximate cause in Plaintiff's damage as stated below.

19     75.     The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated
20 by reference.

21     76.     The foregoing conduct of Defendants individually, and/or by and through their officers,
22 directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or
23 was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
24 rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
25 rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling
26 Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

27     77.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
28 attorneys' fees and costs, including expert fees pursuant to the FEHA.

COMPLAINT FOR DAMAGES

1

2                            **SIXTH CAUSE OF ACTION**

3       **FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

4                **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

5                        **AGAINST ALL DEFENDANTS**

6       78.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as

7 though set forth in full herein.

8       79.    At all times hereto, the FEHA, including in particular Government Code §12940(n),

9 was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing

10 duty on Defendants to engage in a timely, good faith, interactive process with the employee to

11 determine effective reasonable accommodations, if any, in response to a request for reasonable

12 accommodation by an employee with a known physical disability or known medical condition and/or

13 becoming aware of the employee's need for accommodation.

14       80.    At all relevant times, Plaintiff was a member of a protected class within the meaning of,

15 in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical

16 disability that affected Plaintiff's major life activities, and medical condition of which Defendants had

17 both actual and constructive knowledge.

18       81.    Plaintiff reported the disability to Defendants and requested accommodation, triggering

19 Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein,

20 Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage

21 in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying

22 Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and

23 refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants

24 violated, and continued to violate this obligation up to and including the date of Plaintiff's termination

25 or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

26       82.    The above said acts of Defendants constitute violations of the FEHA, and were a

27 proximate cause in Plaintiff's damage as stated below.

28

83.    The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated by reference.

84.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

85.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

86.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 85, inclusive, as though set forth in full herein.

87.    Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

-15-
COMPLAINT FOR DAMAGES

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

88.    Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

89.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

90.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

91.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical

COMPLAINT FOR DAMAGES

1    condition, perceived medical condition, disability, engagement in protected activities, and/or some

2    combination of these protected characteristics was a substantial motivating factor in the decision to

3    subject Plaintiff to the aforementioned adverse employment actions.

4        92.    A judicial declaration is necessary and appropriate at this time under the circumstances

5    in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in

6    conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

7    Defendants and to condemn such discriminatory employment policies or practices prospectively.

8    *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

9        93.    A judicial declaration is necessary and appropriate at this time such that Defendants

10   may also be aware of their obligations under the law to not engage in discriminatory practices and to

11   not violate the law in the future.

12       94.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff

13   herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this

14   section, the court, in its discretion, may award to the prevailing party, including the department,

15   reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs expended by

16   an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring

17   discrimination.

18

19                                  **EIGHTH CAUSE OF ACTION**

20                                  **FOR WRONGFUL TERMINATION**

21               **IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

22                                  **AGAINST ALL DEFENDANTS**

23       95.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24, inclusive, as

24   though set forth in full herein.

25       96.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect

26   and was binding on Defendants.  This law requires Defendants to refrain, among other things, from

27   discriminating against any employee on the basis of age, disability, medical condition, real or

28

1 | perceived, and use of medical leave, and from retaliating against any employee who engages in
2 | protected activity.

3 |      97.    At all times mentioned in this complaint, it was a fundamental policy of the State of
4 | California that Defendants cannot discriminate and/or retaliate against any employee on the basis of
5 | age, disability, medical condition, real or perceived, use of medical leave and/or engagement in
6 | protected activity.

7 |      98.    Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical
8 | condition, real or perceived, use of medical leave, engagement in protected activity with respect to
9 | these protected classes, and/or some combination thereof, were factors in Defendants' conduct as
10 | alleged hereinabove.

11 |      99.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's
12 | employment on the basis of age, disability, medical condition, real or perceived, or use of medical
13 | leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement
14 | in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's
15 | damages as stated below.

16 |      100.    The above said acts of Defendants constitute violations of the Government Code and
17 | the public policy of the State of California embodied therein as set forth above.  Defendants violated
18 | these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in
19 | retaliation for exercise of protected rights.

20 |      101.    At all times mentioned in this complaint, it was a fundamental policy of the State of
21 | California that Defendants cannot discriminate and/or retaliate against any employee on the basis of
22 | use of CFRA leave, or in violation of FEHA.

23 |      102.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of
24 | CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate
25 | cause in Plaintiff's damages as stated below.

26 |      103.    The damage allegations of Paragraphs 25 through 28, inclusive, are herein incorporated
27 | by reference.

28 |

COMPLAINT FOR DAMAGES

104.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

**WHEREFORE,** Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

2.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

3.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

4.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

5.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

6.    For post-judgment interest; and

///
///
///

COMPLAINT FOR DAMAGES

7.     For any other relief that is just and proper.

DATED:  December 20, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
JOSE G. ESPINOZA QUINTANA

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  December 20, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
JOSE G. ESPINOZA QUINTANA

-20-

COMPLAINT FOR DAMAGES